```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
GUARANTY TOWERS, LLC,            :
     Plaintiff
                                 :

     vs.                         :   CIVIL NO. 1:CV-07-0554

                                 :
CELLCO PARTNERSHIP d/b/a
Verizon Wireless,                :
WICONISCO FIRE ENGINE CO.
NO. 1, INC.,                     :
     Defendants
```

*M E M O R A N D U M*

*I.    Introduction*

Plaintiff, Guaranty Towers, LLC (Guaranty), filed this action against Cellco Partnership, d/b/a Verizon Wireless (Cellco) for tortious interference with contractual relationship and Wiconisco Fire Engine Co. No. 1, Inc. (Wiconisco) for breach of contract. We now consider Wiconisco's and Guaranty's cross-motions for summary judgment as to the breach of contract claim, and Cellco's motion for summary judgment on Guaranty's tortious interference with contractual relationships claim.

We will examine the motions under the well-established standard. *Lawrence v. City of Philadelphia,* 527 F.3d 299, 310 (3d. Cir. 2008). "[T]he court must review all evidence and draw all inferences in the light most favorable to the non-moving party...and affirm a grant of summary judgment only if no reasonable juror could find for the non-movant." *Id.* The rule

is no different for cross-motions for summary judgment. *Id.* Upon careful review of the briefs and the record, we will grant Defendant Wiconisco's motion for summary judgment as to the breach of contract claim, we will grant Defendant Cellco's motion for summary judgment as to the tortious inference with contract claim and enter judgment in favor of Wiconisco and Cellco.

*II.  Background*

In 2000, Guaranty contacted Wiconisco about the possibility of erecting a cellular communications tower on Wiconisco's property located in Lykens, Pennsylvania.  (Def. Wiconisco's Statement of Material Facts (SMF) ¶ 4).  On terms proposed by Guaranty, the two parties entered into a lease agreement (the Lease) on March 24, 2000, wherein Wiconisco leased a small parcel (approximately 100 feet by 100 feet) of its property to Guaranty.[1]  (Pl.'s SMF ¶ 1).  Subsequently, Guaranty constructed a communications tower on the property. (Def. Wiconisco's SMF ¶ 7).

On May 21, 2002, Cellco entered into a separate lease with Wiconisco in order to construct a communications tower. (Def. Cellco's SMF ¶ 27-29).  Cellco completed construction on its tower in February of 2005.  Id. at ¶ 41.

---

[1] It was disclosed in discovery, and admitted by Guaranty, that the lease was derived from a form lease prepared and used by Guaranty in leasing tower sites.  (Gammon deposition).

On March 22, 2007, Guaranty filed a six count complaint against Cellco and Wiconisco. Against Wiconisco, Plaintiff made claims for breach of contract (count I). Against Cellco, Plaintiff made: (1) a claim for tortious interference with business relationships (count II), and (2) a claim that Cellco intentionally or negligently made misrepresentations to Plaintiff (count III). Against both Defendants, Plaintiff made: (1) a claim that they conspired to interfere with Plaintiff's business relations (count IV); (2) a claim for conversion, alleging that they interfered with Plaintiff's "right of possession" (count V); and (3) a claim for punitive damages (count VI). We dismissed counts III, IV and V, and indicated that count II was specifically a claim for tortious interference with contractual relationships. ORDER of September 6, 2006; (doc. 21 at 9). We will now address the summary judgment motions that are before the Court.

*III. Discussion*

    *A.  Breach of Contract*

Guaranty argues that Wiconisco breached its Lease when it leased nearby property to Cellco, enabling Cellco to build a cellular tower adjacent to Guaranty's tower. (Pl.'s Br. in Supp. of Summ. J. at 3). Guaranty asserts that the parties intended that it have the exclusive right to construct a

cellular tower on Wiconisco's land.  Specifically, Guaranty points to paragraph 13 of the Lease.  Paragraph 13 provides:

> LESSOR covenants that LESSEE on paying the rent and performing the covenants shall peaceably and quietly have, hold and enjoy the leased Property without hindrance on the part of the LESSOR or any person or persons claiming by, through or under the LESSOR, for the term herein leased, including any renewal term; except that LESSOR may cultivate *such property for any purpose, except for leasing to parties considered to the competitors of LESSEE*, and does not unreasonably interfere with LESSEE's use of the Property.

(doc. 39, Wiconisco Ex. C)(emphasis added).

The critical part of the restriction is the phrase 'such property'.  Guaranty argues that the language prohibits Wiconisco from leasing any portion of the remainder of its property to a competitor of Guaranty.  *Id.*  Guaranty arrives at its interpretation by arguing that the undefined term "property", with a lower case "p", refers to the remainder of Wiconisco's property that is not included in its Lease.  *Id.* at 10.  Wiconisco counters by arguing that "property" refers to the word "Property", with a capitalized "P", that is defined as the small area subject to Guaranty's Lease.  (Def. Wiconisco's Br. in Supp. of Summ. J. at 8).

In Pennsylvania, a lease is a contract and is governed by principles of contract law.  *Willison v. Consolidation Coal Co.,* 536 Pa. 49, 54, 637 A.2d 979, 982 (1994); *Giant Food Stores, LLC., v. THF Silver Spring Development, L.P.* 959 A.2d

4

438, 448 (Pa. Super. 2008). A lease is construed in accord with the plain language used, rather than with the parties' silent intentions. *Willison*, 536 Pa. at 54, 637 A.2d at 982. When the words are clear and unambiguous, the intent of the parties is determined by the express language of the agreement. *Id.; Giant Food Store, LLC.* at 448. "'[T]he court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished.'" *Charles D. Stein Revocable Trust v. General Felt Indus.*, 749 A.2d 978, 980 (Pa. Super. 2000)(quoted case omitted).

Land use restrictions are not favored under Pennsylvania law. *Great Atlantic and Pacific Tea Company, Inc. v. Bailey*, 421 Pa. 540, 544 220 A.2d 1, 3 (Pa. 1966). Any restrictive covenant must be strictly construed and any ambiguity be resolved against the party benefitting from the restriction. *Carousel Snack Bars of Minnesota, Inc. v. Crown Construction Company*, 439 F.2d 280 (3d Cir. 1971); *Baumgardner v. Stuckey,* 735 A.2d 1272, 1274 (Pa. Super. 1999)("Land use restrictions are not favored in the law, are strictly construed, and nothing will be deemed a violation...that is not in plain disregard of the express words.").

We believe that the words 'such property', as used in Guaranty's lease, refers to the property subject to the Lease and not the remainder of Wiconisco's parcel. Guaranty urges

that the antecedent 'such' means the remainder of Wiconisco's property, while Wiconisco contends the antecedent refers to the area that is subject to the Lease.  The law requires us to strictly construe the restriction.  Black's Law Dictionary defines 'such" as "[t]hat or those; having just been mentioned." Black's Law Dictionary 1473 (8th ed. 2004).  The only other mention of property in paragraph 13 is the "leased Property." Lease ¶ 13.  "In restricting real estate a scrivener acts at his peril: if his creation is not self-sustaining it is nothing." *Siciliano v. Misler*, 399 Pa. 406, 408 160 A.2d 422, 425 (Pa. 1960).  The antecedent urged by Guaranty would require us to go outside the provisions of paragraph 13, while the antecedent asserted by Wiconisco keeps us within the confines of the covenant.  "A primary antecedent is better than a secondary." *Id*. at 424.  We conclude that 'such property' in the fourth line of the paragraph refers to the "leased Property" addressed in the previous lines.  Consequently, Wiconisco did not breach the Lease by leasing land from the remainder of its parcel to Cellco.[2]  Thus, we will deny Guaranty's motion for summary judgment.

---

[2] For breach of contract under Pennsylvania law, a Plaintiff must establish 1) the existence of a contract, including its essential terms, 2) a breach of a duty imposed by the contract and 3) resultant damages. *Gorski v Smith*, 812 A.2d 683, 682 (Pa. Super. 2002).

*B. Tortious Interference with Contractual Relations*

Defendant Cellco argues that it is entitled to summary judgment on Guaranty's tortious interference claim against it since Wiconisco did not breach its Lease with Guaranty. Cellco also contends that it is not a competitor of Guaranty, and that Wiconisco did not breach the Guaranty lease by leasing land to it. (Def. Cellco's Br. in Supp. of Summ. J. at 13-14). We need not address that issue because we agree that Cellco is entitled to summary judgment.

The elements for tortious interference with contractual relations under Pennsylvania law are:

> (1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for such interference; and (4) damages resulting from the defendant's conduct.

*Triffin v. Janssen*, 426 Pa. Super. 57, 63, 626 A.2d 571, 574 (Pa. Super. 1993)(footnote omitted). *See also Breon v. Waypoint Ins. Group*, 2007 WL 1575225, at *3 (M.D. Pa. May 31, 2007). "Thus, a tortious interference claim does not accrue until, at least, the plaintiff suffers injury (i.e. 'actual legal damage') as a result of the defendant's conduct." *CGB Occupational Therapy v. RHA Health Services, Inc.,* 357 F.3d 375, 384 (3d Cir. 2004); *Sharp v. Whitman Council, Inc.,* 2007 WL 2874058, at *5 (E.D. Pa. Oct. 1, 2007).

As indicated earlier, Guaranty's lease was not breached when Wiconisco leased land to Cellco.  In any event we conclude that Guaranty has not established the damages element required to maintain a cause of action for tortious interference with contractual relations.  We see no need to address Cellco's remaining arguments and summary judgment will be granted in its favor.  We will enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 22, 2008

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUARANTY TOWERS, LLC,           :
        Plaintiff
                                :

        vs.                     :   CIVIL NO. 1:CV-07-0554

                                :
CELLCO PARTNERSHIP d/b/a
Verizon Wireless,               :
WICONISCO FIRE ENGINE CO.
NO. 1, INC.,                    :
        Defendants
```

*O R D E R*

AND NOW, this 22nd day of December, 2008, upon consideration of the parties motions for summary judgment, and pursuant to the accompanying Memorandum, it is ordered that:

   1. Defendant Cellco Partnership, d/b/a Verizon Wireless Motion for Summary Judgment is granted (doc. 49) and Judgment is entered in favor of Cellco Partnership.

   2. Defendant Wiconisco Fire Engine Co. No. 1, Inc. Motion for Summary Judgment is granted (doc. 37) and Judgment is entered in favor of Wiconisco Fire Engine Co. No. 1, Inc.

   3. Plaintiffs' Motion for Partial Summary Judgment (doc. 40) is dismissed as moot.

   4. The Clerk of Court shall close this file.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge